IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IESHA DICKERSON                  *
                                 *
v.                               *
                                 *    Civil Action No. WMN-15-2
UNITED PARCEL SERVICE, INC.      *
                                 *
                                 *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM**

Before the Court is Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment.  ECF No. 8.  The motion is ripe.  Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that Defendant will be granted summary judgment as to Counts I and II, and Count III will be dismissed.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Iesha Dickerson brings this action against her employer, Defendant United Parcel Service, Inc., asserting three claims of discrimination: gender discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq. (Count I), pregnancy discrimination pursuant to the Pregnancy Discrimination Act as part of Title VII, 42 U.S.C. § 2000e(k) (Count II), and a violation of § 20-609 of the State Government Article of the Maryland Code, requiring reasonable accommodations for disabilities due to pregnancy (Count III).

Defendant has moved to dismiss, or in the alternative, for summary judgment, on the grounds that Plaintiff failed to file timely for either her Title VII or Maryland law claims. Further, Defendant asserts that Plaintiff's Maryland law claim is based on a version of Section 20-609 not yet in existence at the time of the alleged discrimination.[1]

Plaintiff was hired by Defendant in a part-time position in 2003, and achieved fulltime status in 2007.  She is currently employed by Defendant as a Driver.  In May of 2013, Plaintiff informed Defendant that she was pregnant, and provided Defendant with her physician's requirements, including that she was restricted from lifting more than twenty pounds.  Defendant allegedly informed Plaintiff "if she couldn't do her job, she should go out on disability, or bid on a part-time position." Am. Compl. ¶ 46.  In June of 2013, Plaintiff suffered a miscarriage, which she attributes to Defendant's failure to accommodate her restrictions.

Plaintiff subsequently filed a charge of discrimination with the EEOC on November 12, 2013.  Decl. of Spencer Lewis, Ex. C., ECF No. 8-3 at 10-11.  In her charge, in addition to her

---

[1] Defendant also argues that Counts I and II of Plaintiff's Amended Complaint fail to state a claim upon which relief can be granted, and that Plaintiff failed to file a timely charge with the Equal Employment Opportunity Commission (EEOC). Because summary judgment is appropriate due to the untimeliness of Plaintiff's Complaint, however, it is not necessary for the Court to address these alternative arguments.

claim of discrimination based on pregnancy, Dickerson included claims of gender discrimination consisting of "unequal assignment of routes, denial of certain overtime hours, and more scrutiny in the performance of duties as compared to similarly situation male Drivers."  Id.  In her Charge, which Plaintiff signed under penalty of perjury, she listed her address as "2407 Tieonest Road, Baltimore, MD 21227."  Id.

On June 27, 2014, the EEOC mailed a Letter of Dismissal and a Dismissal and Notice of Right to Sue to Plaintiff at 2407 Tieonest Road, Baltimore, MD 21227.  Lewis Decl., Ex. A, ECF No. 8-3 at 4-5.  Both the letter and notice informed Dickerson she had within ninety days of receipt to file a lawsuit.  Id.  The mailing was returned to the EEOC on July 3, 2014, and was marked "return to sender, insufficient address, unable to forward." Id. at 8.  Thus, Plaintiff never received this mailing.

On October 1, 2014, Plaintiff spoke with James Norris, an EEOC investigator, to discuss the status of her Charge.[2]  Norris Decl. ¶ 4, ECF No. 8-4, Dickerson Decl. ¶¶ 5, 12, ECF No. 12-4. Norris informed Plaintiff that the EEOC had dismissed her Charge and had issued a Dismissal and Notice of Right to Sue in June. Norris Decl. ¶ 4.  During this meeting, Plaintiff provided, for

---

[2] Plaintiff's declaration asserts that this meeting was in-person; in contrast, Norris asserts that he talked with Plaintiff over the phone.  Ultimately this discrepancy is immaterial, since the relevance of their meeting concerns the substance of the conversation, not its location.

the first time, an address different than the one she had
previously supplied.  Id. ¶ 11.  The EEOC re-sent the original
Dismissal and Notice of Right to Sue to that new address on
October 2, 2014.  Norris Decl., Ex. A.  Plaintiff filed a
complaint in this Court on January 2, 2015.

## II. LEGAL STANDARDS

The correct standard under which to analyze a motion to
dismiss asks whether a plaintiff's complaint includes sufficient
factual allegations to plausibly suggest that the pleader is
entitled to relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544,
555-57 (2007).[3]  The plausibility standard is not a probability
requirement.  Id. at 556.  A judge will assume a complaint's
factual allegations are true, even if "proof of those facts is
improbable."  Id.  Even so, "[f]actual allegations must be
enough to raise a right to relief above the speculative level;"
"a complaint requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will

---

[3] Plaintiff suggests that "[a] complaint should not be dismissed
unless it appears to a certainty that the plaintiff would be
entitled to no relief under any set of facts which could be
proved in support of his claim."  ECF No. 13-2 at 7 (purporting
to quote Revene v. Charles Cnty. Comm'r, 882 F.2d 870, 872 (4th
Cir. 1989)).  That quoted language, however, is not from Revene,
but from Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969),
which, in turn, was citing Conley v. Gibson, 355 U.S. 41, 47
(1957).  Regardless of the errant attribution of the quotation,
the Supreme Court opined more than eight years ago that this
"'no set of facts'" language "is best forgotten as an
incomplete, negative gloss on an accepted pleading standard . .
. ."  Twombly, 550 U.S. at 563.

not do." Id. at 555.  From the complaint, the court must be able "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A motion to dismiss may be converted to a motion for summary judgment if the court has considered matters outside the pleadings.  Fed. R. Civ. P. 12(d).  It is within the court's discretion to convert the motion; "'[t]his discretion, however, should be exercised with great caution and attention to the parties' procedural rights.'" McCleary-Evans v. Maryland Dep't of Transp., Civ. No. ELH-12-1550, 2015 WL 1285325, at *1 (D. Md. Mar. 20, 2015) (quoting 5C Wright & Miller, Federal Practice and Procedure § 1366, at 159 (3d ed. 2004, 2011 Supp.)).  The court's discretion is "guided by whether consideration of extraneous material 'is likely to facilitate the disposition of the action,' and 'whether discovery prior to the utilization of the summary judgment procedure' is necessary." Id.  "A non-moving party's request for additional discovery [may be denied] 'where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment.'" Id. at 15 (quoting Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 954 (4th Cir. 1995)).  A

court may convert only part of the motion to dismiss into one for summary judgment.  McCleary-Evans, 2015 WL 1285325, at *1.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  This standard requires there be no "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient.  Id. at 252.  Likewise, "[f]actual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

**III. DISCUSSION**

**A. Title VII claims**

Plaintiffs bringing Title VII claims have ninety days after the EEOC has informed them of their right to sue to file a lawsuit.  42 U.S.C. § 2000e – 5(f)(1).  When the EEOC issues a written notice of a right to sue, the Fourth Circuit adopts a constructive notice policy and considers the ninety days to begin running three days after the letter was mailed, when the plaintiff is assumed to have received the letter.  Vogel v. Am. Home Prod. Corp. Severance Pay Plan, No. 96-2674, 1997 WL 577578, at *2 (4th Cir. Sept. 17, 1997); see also Fed. R. Civ. P. 6(d).  If a plaintiff receives actual notice of her right to

6

sue, such as by telephone or in person, however, the ninety day period begins at the moment of actual notice.  Ball v. Abbott Adver., Inc., 864 F.2d 419, 421 (6th Cir. 1988); Hunter-Reed v. City of Houston, 244 F. Supp. 2d 733, 741 (S.D. Tex. 2003).  In either situation, the ninety day time period is to be strictly enforced.  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 101 (2002).

While this ninety day period can be subject to equitable tolling, Zipes v. Trans World Airlines, 455 U.S. 385 (1982), the Fourth Circuit has cautioned that tolling is reserved for "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).  This circumstance usually occurs if the plaintiff has been "induced or tricked" into missing the filing deadline.  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 90 (1990).  While some jurisdictions have applied equitable tolling when an EEOC official erroneously informed a plaintiff of a filing deadline, Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984), others have found this occurrence does not qualify for equitable tolling.  Johnson v. Forman Mills, Inc., Civ. No. 13-10654, 2014 WL 1207867, at *3 (E.D. Mich. Mar.

24, 2014) (citing <u>Brown v. Mead Corp.</u>, 646 F.2d 1163 (6th Cir. 1981)).

Because equitable tolling should be applied to claims that are late due only to circumstances outside the plaintiff's control, it is not available to plaintiffs who have contributed to an untimely filing, or whose counsel has contributed to an untimely filing.  <u>Warfle v. Maryland Dep't of Health & Mental Hygiene</u>, Civ. No. CCB-07-1626, 2008 WL 4516384, at *3 (D. Md. Sept. 30, 2008); <u>Poteat v. Mack Trucks Inc.</u>, No. 96-1437, 1997 WL 33117, at *4 (4th Cir. Jan. 28, 1997).  For example, equitable tolling does not apply to plaintiffs who fail to communicate a change of address to the EEOC.  <u>Vogel</u>, 1997 WL 577578, at *2.  Similarly, because an attorney is assumed to understand filing deadlines, equitable tolling is not available if a plaintiff's counsel has simply failed to act diligently in filing a complaint.  <u>Poteat</u>, 1997 WL 33117, at *4.

It is undisputed that Plaintiff received actual notice of her right to sue from Norris on October 1, 2014.  Plaintiff's and Norris's declarations, however, present competing evidence as to whether or not he informed her on October 1 that the ninety days would not begin until she received the Dismissal and Right to Sue Notice the EEOC was going to resend.  Dickerson Decl. ¶ 12, Norris Decl. ¶ 4.  Plaintiff's counsel urges that Norris's alleged erroneous statements make equitable tolling

8

appropriate.  Regardless of whether Norris stated that Plaintiff had ninety days from receipt of the October 2 letter to file a lawsuit and regardless of whether such statements would merit the application of equitable tolling, the fact that Plaintiff obtained counsel well before the deadline to file suit renders equitable tolling inappropriate.

Plaintiff clearly acquired counsel no later than November 29, 2014, as evidenced by the date on the original complaint. Compl. at 9, ECF No. 1.  Therefore, by this date, Plaintiff's counsel knew that Plaintiff had received actual notice of her right to sue on October 1 and knew or should have known that, despite Norris's alleged comments, the ninety day period had begun on October 1.  Although on November 29 Plaintiff's counsel had thirty-one days remaining in which to file the complaint, he chose not to file until January 2, 2015, three days after the filing deadline.  Therefore, because Plaintiff's counsel did not act diligently in filing the complaint, equitable tolling cannot apply.[4]

Plaintiff raises an additional dispute regarding the address to which the EEOC mailed the June 27 letter.  Plaintiff

---

[4] Plaintiff's counsel urges that the ninety day period did not begin with actual notice, but with constructive notice of the October 2 letter on October 5.  As noted above, while an unrepresented plaintiff might be entitled to rely on an EEOC officer's erroneous statement, counsel is charged with knowledge of the correct filing deadline.

states in her declaration that the EEOC misspelled the street name and omitted her apartment number from the original mailing, thereby resulting in her failure to receive this mailing.[5]  Any discrepancy, however, would seem irrelevant given that during the ninety day period beginning on June 30, Ms. Dickerson apparently had moved but failed to inform the EEOC of her change of address.

Therefore, although the declarations submitted in this case present disputes of fact regarding Ms. Dickerson's correct address and the nature of her conversation with Mr. Norris on October 1, these disputes are not material to the timeliness of her district court complaint or the availability of equitable tolling.  Plaintiff had actual notice of her right to sue as of October 1, 2014, and was represented by counsel well within the 90 day period following that actual notice and yet failed to

---

[5] In fact, the street name listed on the returned June 27 envelope was identical to the street name listed on Ms. Dickerson's Charge.  See Lewis Decl. Ex. B.  Plaintiff's counsel, for whatever reason, chose to submit the returned envelope without the enclosed Letter of Dismissal which would have supplied the address through the envelope's transparent window.  Compl., Ex. A at 5; ECF No. 13-4.  In addition, the Court notes that there is no apartment number listed on the Charge which Plaintiff signed under penalty of perjury.

file a timely complaint.  Accordingly, Defendant is entitled to summary judgment on Plaintiff's Title VII claims.[6]

## B. Count III brought under Section 20-609 of the State Government Article of the Maryland Code

State Government Article § 20-609 addresses disabilities due to pregnancy or childbirth.  Section 20-609(b) states that:

> written and unwritten employment policies and
> practices involving matters such as the commencement
> and duration of leave, the availability of extensions
> of leave, the accrual of seniority and other benefits
> and privileges, reinstatement, and payment under any
> health or temporary disability insurance or sick leave
> plan, formal or informal, shall be applied to
> disability due to pregnancy or childbirth on the same
> terms and conditions they are applied to other
> temporary disabilities.

Md. Code Ann., State Gov't § 20-609(b).  Section 20-609 was amended on October 1, 2013, to include subsection (d), which requires that an employer explore "all possible means" of providing reasonable accommodations for a pregnant employee. Md. Code Ann., State Gov't § 20-609(d).  In order to bring a claim of discrimination under this section, a charge must be filed with the EEOC within six months of the alleged discriminatory conduct.  Md. Code Ann., State Gov't § 20-1004(c)(1).

Plaintiff's claim of discrimination under Maryland law fails for two reasons.  First, Plaintiff's counsel did not

---

[6] Plaintiff asks for time to conduct further discovery, but the Court finds that additional discovery could not alter this conclusion.

provide sufficient factual allegations to plausibly state a
claim for relief under the version of § 20-609 that existed at
the time of the alleged discriminatory act.  Second, Plaintiff
did not file a timely charge.

While Plaintiff's factual allegations might be sufficient
to state a claim under subsection (d) of § 20-609, this
subsection was not enacted until almost five months after
Plaintiff informed Defendant of her physician's requirements.
Thus, it cannot provide the basis for her claim.  A review of
Plaintiff's original complaint makes it clear that it was
counsel's intent to frame a cause of action under subsection (d)
as it alleged a failure to "accommodate" her pregnancy.  See ECF
No. 1 ¶ 64 ("Plaintiff was not accommodated.") and ¶ 71
("Plaintiff miscarried, as a direct result of Defendant's lack
of compliance and accommodation of Plaintiff's prescribed
conditions.").  Counsel apparently realized that subsection (d)
was not yet in effect at the relevant time and attempted to
purge the word "accommodate" from the Amended Complaint:
"Plaintiff was not accommodated" became "Plaintiff's request for
another assignment was ignored" and Defendant's "lack of
compliance and accommodation of Plaintiff's prescribed
conditions" became "insensitivity to Plaintiff's condition."
See Redlined version of Amended Complaint ¶¶ 64 and 71, ECF No.
6-1.  Counsel's attempt to rectify the anachronism with the

Amended Complaint results in only semantic rather than substantive changes.

As such, Plaintiff's complaint fails to state a claim for relief under the relevant subsection, subsection (b).  Nowhere in the complaint does Plaintiff address Defendant's disability employment policies, nor allege that those policies were not extended to Plaintiff.  Further, the allegations of discrimination in Count III do not address matters of leave, accrual of seniority, reinstatement, or payment under any insurance plan.

Further, even if Plaintiff's allegations were sufficient to state a claim for relief under subsection (b), Plaintiff did not file her Charge until more than six months after the only stated date of alleged discrimination.  In her Amended Complaint, Plaintiff maintains that her request for accommodation was denied on May 5, 2013.  Am. Compl. ¶ 46.  The only other date listed in Plaintiff's complaint is June 5, 2013, the date on which she suffered a miscarriage.  The miscarriage is not itself an act of discrimination, however, even if it could be proved any alleged discrimination contributed to this event.  Therefore, in order to bring a valid claim of discrimination, Ms. Dickerson must have filed her Charge within six months of

May 5, 2013, which she failed to do, having filed her charge on November 12, 2013. [7]

## IV. CONCLUSION

For the above-stated reasons, the Court will grant summary judgment as to Counts I and II, and Count III will be dismissed. A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: June 23, 2015.

---

[7] In the opposition, Plaintiff's counsel makes no argument that Plaintiff filed a charge within the six-month period but simply argues that Maryland law allows 300 days after the alleged discrimination to file an EEOC charge.  See ECF. No. 13-2 at 15-16.  While that might be true for federal discrimination claims under Title VII, there is a different and shorter deadline for state law discrimination claims.  See Petway v. Doyle Printing & Offset Co., Civ. No. 12-3731, 2013 WL 4454633, at *5 (D. Md. Aug. 15, 2013) ("Title 20 of the State Government Article establishes a cause of action for employment discrimination independent of federal law, and relies on its own statute of limitations for the filing of administrative claims before proceeding to court.") (citing Md. Code Ann., State Gov't § 20-1013(a)(1)).